IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Priscilla A. Albert,

Plaintiff,

vs.

Enterprise Bank of South Carolina and Chris S. Folk, both individually and in his official capacity as Manager and Vice-President of Enterprise Bank of South Carolina

Defendants.

Civil Action No. 5:12-2632-TLW

**ORDER**

Plaintiff, Priscilla A. Albert ("plaintiff"), filed this action in the Bamberg County Court of Common Pleas on December 9, 2009. (Doc. No. 1-1). The case was removed to federal court on September 13, 2012. (Doc. No. 1). This matter now comes before the Court on plaintiff's Motion to Remand filed on October 9, 2012. (Doc. No. 11). For the reasons set forth below, the Plaintiff's Motion to Remand is granted.

**I. Standard for Motion to Remand**

Federal courts are courts of limited jurisdiction. Thus, the removal statute is to be strictly construed and any doubts as to whether a case belongs in federal or state court should be resolved in favor of remanding the case to state court. See Mulcahey v. Columbia Organic Chem. Co., 29 F.3d 148, 151 (4th Cir. 1994); Auto Ins. Agency, Inc. v. Interstate Agency, Inc., 525 F. Supp. 1104, 1106 (D.S.C. 1981). As the party invoking the Court's jurisdiction, the defendants bear the burden of establishing that this case was properly removed. See Mulcahey, 29 F.3d at 151; Bennett v. Bally Mfg. Corp., 785 F. Supp. 559, 560 (D.S.C. 1992).

## II. Factual and Procedural Background

The plaintiff initially filed this case on December 9, 2009 in the Court of Common Pleas of Bamberg County, South Carolina, and filed an Amended Complaint on June 23, 2012. (State Court Case No. 2009-CP-05-242; see also Doc. No. 1-1, Doc. No. 8-1). The defendants filed a Notice of Removal on September 13, 2012. (Doc. No. 1). In this matter, plaintiff asserts various state common law claims against defendants, Enterprise Bank of South Carolina ("EBSC") and Chris Folk ("Folk"), (collectively "defendants"), which all stem from plaintiff's allegation that EBSC negligently linked plaintiff's Visa Debit Card to another accountholder's checking account. (Amended Compl. ¶¶ 7, 15; Doc. No. 1-1).

Plaintiff brings causes of action against both defendants for Negligence, Gross Negligence, Recklessness, False Imprisonment, Abuse of Process, Malicious Prosecution, Outrage, and Defamation, as well as claims for Failure to Employ, Train, Supervise, Have and Maintain Proper Policies and Procedures against defendant EBSC. (Amended Comp. at 4–9; Doc. No. 1-1).

The defendants removed this case on September 13, 2012, approximately twenty-two months after the plaintiff's original Complaint was filed in this case. (See Doc. Nos. 1, 7). The defendants assert that the removal of this case is proper pursuant to 28 U.S.C. § 1446(b)(3) (removal based on "paper from which it may first be ascertained that the case is one which is removable); 28 U.S.C. § 1331 (federal question jurisdiction); and Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986). (See Doc. Nos. 1, 7).

Specifically, the defendants assert that removal is proper, based on §1331 federal question jurisdiction, and timely, pursuant to 28 U.S.C. § 1446(b)(3), due to the defendants' receipt of the deposition testimony of the plaintiff's expert, which defendants argue constitutes "other paper from which it may first be ascertained that the case is one which is or has become removable." (Doc. No. 1; see 28 U.S.C. § 1441(b)(3) ("I]f the case stated by the initial pleading is not removable, *a notice of removal may be filed within 30 days after receipt by the defendant*, through service or otherwise, of a copy of an

amended pleading, motion, order or *other paper from which it may first be ascertained that the case is one which is or has become removable*.") (emphasis added)).

**III. Analysis: Motion to Remand**

Plaintiff seeks to have this case remanded to the Bamberg County Court of Common Pleas. Title 28, Section 1446 governs the procedure for removal of cases:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3).

In this case, it is undisputed that the defendants removed this action to the United States District Court for the District of South Carolina on the basis of federal question jurisdiction, 28 U.S.C. § 1331, more than thirty days after being served with the original summons and complaint. (See Doc. Nos. 1, 7, 11). However, to explain the twenty-two month delay in filing its Notice of Removal, the defendants rely on the receipt of the deposition of the plaintiff's expert beginning the thirty (30) day time period to file a Notice of Removal because, the defendants allege, the deposition constitutes a "paper from which it may first be ascertained that the case is one which is or has become removable," thus entitling defendants to remove.

Specifically, defendants argue that the deposition of the plaintiff's expert reveals "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 28 (1983), because the expert "testified that she could not testify whether defendants' violated South

Carolina state law. She indicated that the only South Carolina law she examined was inapplicable in that it concerned conduct by plaintiff, rather than defendants. She testified that defendants violated the Bank Secrecy Act, Regulation E, and Regulation P." (Doc. Nos. 1-1; 7-1).

Essentially, the defendants contend that because one of the factors that the plaintiff's expert considered was the possible violation of federal regulations by defendants in coming to her conclusion about whether defendants complied with the requisite standard of care, the case is removable because the Complaint now includes "a claim arising under the laws of the United States," and "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28. (See Doc. No. 1 at 1–2).

In determining whether federal question jurisdiction exists, courts look to the allegations in a plaintiff's well-pleaded complaint to decide whether an action "arises under" federal law or the United States Constitution. Franchise Tax Bd., 463 U.S. at 9–10 (1983). In examining a complaint, the court must first determine "whether federal or state law creates the cause of action." Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (citation omitted) (internal quotation marks omitted). "If federal law creates a plaintiff's claim, then removal is proper." Id. If federal law does not create the plaintiff's claim, however, the court must then determine whether the case "fall[s] within the small class of 'cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims.'" Id. (quoting Christianson v. Colt. Indus. Operating Corp., 486 U.S. 800, 808 (1988)).

In the instant case, the plaintiff has not specifically pleaded any cause of action arising under any federal law or the United States Constitution. (See Doc. No. 1-1). Instead, all of the plaintiff's causes of action arise under state law. Therefore, this Court must determine whether any of the plaintiff's claims necessarily depend on resolution of a substantial question of federal law. The defendants' rely on Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), to support the contention that this case

involves a substantial question of federal law due to an expert witness's mere mention of federal regulations as one factor relevant to the standard of care and breach of duty analysis. (See Doc. Nos. 1, 7). However, Merrell Dow held that a federal district court will have federal question jurisdiction where resolution of a state law claim "depends on the resolution of a federal question sufficiently substantial to arise under federal law." Beechwood Dev. Group, Inc. v. Konersman, 517 F. Supp. 2d 770, 773 (D.S.C. 2007). That determination involves a two-part test; the party seeking removal, here the defendant, must show: 1) that the plaintiff's right to relief "*necessarily* depends on a question of federal law," and 2) that the question of federal law is substantial. Pinney, 402 F.3d at 442 (citation omitted) (internal quotation marks omitted).

The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. Merrell Dow, 478 U.S. at 813. Rather, "[i]f a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law." Pinney, 402 F.3d at 442. Thus, a claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction, unless federal law is essential to each of those theories. Christianson, 486 U.S. at 810. The mere connection between a state law claim and a federal regulatory regime is not a sufficient basis for federal question jurisdiction. Pinney, 402 F.3d at 448.

After careful consideration, this Court finds that plaintiff's causes of action do not necessarily depend on resolution of a substantial question of federal law. Plaintiff's common law causes of action for negligence, gross negligence, recklessness, intentional infliction of emotional distress, defamation, false imprisonment, abuse of process, and malicious prosecution are South Carolina state common law claims with no connection to federal law. (See Doc. No. 1-1).

Importantly, the plaintiff need not establish a violation of any federal law or regulation to establish liability for any of these causes of action. As noted in the plaintiff's Motion to Remand, the testimony of the plaintiff's expert discussing the defendants' alleged deviation from federal banking

regulations was not the only information the expert relied upon in reaching her conclusion that the defendants deviated from the standard of care. The expert also testified to another standard of care based upon the defendants' own policies and procedures. (See Doc. No. 11; S. Austin Dep. 11:20–12:5).

Thus, the plaintiff may prove her claims by demonstrating that the defendants failed to comply with their own policies and procedures. See Madison v. Babcock Ctr., Inc., 371 S.C. 123, 140, 638 S.E.2d 650, 659 (2006) (holding that a defendant's standard of care in a negligence action "may be established and defined by . . . a defendant's own policies and guidelines."). If true, the alleged failure to comply with defendant's own policies could lead a fact finder to conclude that defendant's breached the requisite standard of care, and, therefore, a fact finder could hold defendants liable to plaintiff based solely on state law. The testimony of the plaintiff's expert shows she relied on more than just the federal regulations in reaching her conclusion that the defendants breached the standard of care, and, more importantly, the plaintiff's expert is only one piece of evidence a jury could consider, among other evidence, in making the determination as to whether the defendant breached the requisite standard of care.

Moreover, even if the plaintiff's various state law causes of action could be construed to involve a necessary and substantial question of federal law, which this Court holds they do not, it is reasonable to conclude that the Notice of Removal filed by defendants was untimely. See 28 U.S.C. § 1446(b)(1) ("[A] defendant *shall* remove a case within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." (emphasis added))).

While the defendants claim that the deposition testimony of the plaintiff's expert, which was received by the defendants on August 16, 2012, qualifies as "paper from which it may first be ascertained that the case is" removable, thus entitling defendants to thirty (30) days from receipt of that document to file a Notice of Removal, this Court disagrees. (See Doc. No. 1 at 1–2). As the plaintiff explained in her Motion to Remand, the defendants were served with documents on June 15, 2011 indicating the plaintiff's possible reliance upon alleged violations of federal banking regulations as one basis and one piece of evidence of defendants' alleged breach of the requisite duty of care. (Doc. No. 11). Thus, defendants

were aware of plaintiff's potential assertion of those regulations as evidence over a year before the defendants removed this case. Accordingly, the removal is improper due to lack of federal question subject matter jurisdiction and is untimely.

In sum, defendants have not satisfied their burden of establishing this case is removable based on federal question jurisdiction. The plaintiff's right to relief does not "necessarily depend on resolution of a substantial question of federal law[,]" and federal law is not "a necessary element of one of" plaintiff's well-pleaded claims." Christianson, 486 U.S. at 808 (citation omitted) (internal quotation marks omitted). Thus, the plaintiff's well-pleaded complaint does not "include[] a claim arising under the Constitution, laws or treaties of the United States," and does not provide a basis for removal based on federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441(c). Accordingly, after careful consideration, the Plaintiff's Motion to Remand (Doc. No. 11) is granted.

## IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the Plaintiff's Motion to Remand is **GRANTED** (Doc. No. 11). This matter is remanded to the Court of Common Pleas, Bamberg County, South Carolina. The Clerk of this Court is directed to mail a certified copy of the Order of Remand to the Clerk of the Court of Common Pleas for Bamberg County.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

January 14, 2013
Florence, South Carolina